SHIVE (UNITED STATES v.). See Case No. 16.278.

SHIVERS (FAIRCHILD v.). See Case No. 4,611.

SHOE MACH. MANUF'G CO. (HASKELL v.). See Case No. 6,194.

SHOE MACH. MANUF'G CO. (THOMAS v.). See Case No. 13,911.

---

## Case No. 12,799.

### In re SHOEMAKER.

[4 Biss. 245.] [1]

District Court, D. Indiana. July, 1868.

BANKRUPTCY—OMISSION FROM SCHEDULE—FRAUDULENT TRANSFER—DISCHARGE—OPPOSITION TO.

1. Where a bankrupt omitted to state in his schedule the amount of money in the hands of a receiver appointed by a state court in a suit between him and his co-partner in relation to partnership property, but stated that the partnership assets would not more than pay the expense of their litigation, and that he was not able to state their exact amount: Held, that the omission was no ground for refusing a discharge; and that an affidavit to the truth of the schedule was not prima facie perjury.

2. A suit was brought by a partner against his co-partner in a state court, charging waste, and praying the appointment of a receiver. A receiver was appointed, and took control of the partnership assets. Soon after, the plaintiff in that suit was adjudged a bankrupt on his own petition. Held, that the proceedings in the state court did not amount to a fraudulent transfer by the bankrupt of his property, so as to preclude him from his certificate of discharge.

3. Opposition to the discharge of a bankrupt must be in writing, and must disclose the name of the opposing creditor or creditors.

In bankruptcy.

Dye & Harris, for the application for discharge.

Hanna & Knefler and Clough & Wheat, contra.

McDONALD, District Judge. In this court, on the twentieth of January last, Robert H. Shoemaker was, on his own petition, adjudged a bankrupt. He now applies for a certificate of discharge. Messrs.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Hanna & Knefler, representing the creditors, oppose this application.

This opposition is founded on two charges: First, that the bankrupt has committed perjury in the affidavit to his schedule. Second, that he has transferred his property to defraud his creditors. We will examine each of these charges.

1. It is alleged that the bankrupt "willfully swore falsely in his affidavit annexed to his schedule and inventory, in this that he did not state that a certain receiver who had been appointed by a court in Kansas had in his hands four hundred and thirteen dollars and seventy-four cents belonging to the bankrupt."

In support of this charge, an authenticated copy of a judicial proceeding in the district court of Leavenworth county, Kansas, is produced in evidence. By this transcript it appears that, on the 19th of June, 1867, the bankrupt filed his bill or petition in said court against his partner in the nursery business, C. McRay Dinsmore, charging him with wasting the partnership effects, asking for an injunction, and praying the appointment of a receiver. On this petition a receiver was appointed, who, on the 11th of November, 1867, made a report to that court, by which it appeared that he had then in his hands the balance of four hundred and thirteen dollars and seventy-four cents of said effects. It does not appear by the transcript that that court has ever made any disposition of said sum, or even that the suit in Kansas is ended.

The only references in the schedule to this four hundred and thirteen dollars and seventy-four cents, are as follows:

"On a settlement of the account of Dinsmore and Shoemaker, there will be due me large sums of money. But as Dinsmore has absconded after creating the debt mentioned in schedule A, without rendering any account, your petitioner regards the claim as worthless, and is unable to fix the amount.

"The nursery business of Dinsmore & Shoemaker was placed in the hands of M. C. Shoemaker (the receiver) in Leavenworth, Kansas. But the assets will not more than pay expenses of settlement. I am unable to state the exact amount."

This is all the evidence before me touching the charge of false swearing.

The 29th section of the bankrupt act [of 1867 (14 Stat. 531)] provides, that no discharge shall be granted if the bankrupt has willfully sworn falsely in his affidavit annexed to his petition, schedule, or inventory.

Does the evidence, as above stated, prove that the bankrupt, in his affidavit to his schedule, willfully swore falsely? Without entering largely into particulars, I may safely say that the evidence does not prove the charge. The schedules are loosely drawn. The four hundred and thirteen dollars and seventy-four cents, though obscurely alluded to, is not stated. It ought to have been stated, if known to the bankrupt. As he was a party to the suit in Kansas, he is prima facie presumed to have known that the four hundred and thirteen dollars and seventy-four cents was in the hands of the receiver. But as this is only a disputable presumption; and as he states that he is "unable to state the exact amount," I think this fairly rebuts the presumption. At all events, it is clear that there is not sufficient evidence in the case to fix on the bankrupt the charge of perjury.

2. It is charged that the bankrupt, in contemplation of bankruptcy, "made a transfer, assignment, and conveyance of part of his property, for the purpose of preventing the property from coming into the hands of the assignee, and of being distributed under the bankrupt act."

The only evidence of the fraudulent transfer here charged is found in the transcript, already referred to, of the judicial proceedings in Kansas. Counsel opposing the bankrupt's discharge insist that the appointment of a receiver on the application of the bankrupt, as shown by said transcript, amounts to such a fraudulent transfer. They argue that the appointment of the receiver vested in him the title to the partnership property, and amounted to a voluntary transfer of it within the meaning of the bankrupt act.

It may be that the appointment of a receiver by a court of equity vests the title to the property in dispute in him temporarily. But it seems to me an error to suppose that, even if done at the instance of a failing partner, it would be such a fraudulent transfer of his property as is contemplated and provided by the bankrupt act. If, in June, 1867, Shoemaker found that his partner was wasting their partnership property, it was perfectly lawful for him to apply to a state court for redress, whether at that time he was insolvent or not. In doing so, the best way to put a stop to that waste would probably be to put the property into the hands of a receiver. Such a course would be likely to contribute to his own advantage and to the security of his creditors. And to argue that in doing so he committed a fraud, either on his creditors or on the bankrupt act, appears to me to be most unreasonable.

Moreover, there is no evidence before me indicating that, at the time when this receiver was appointed, Shoemaker either was insolvent, or contemplated insolvency or bankruptcy. For anything that appears, he may then have been worth millions. There is nothing in this objection.

If all these objections were proved, the opposition to the discharge must fail, as not being properly presented on paper. The thirty-first section of the act provides "that any creditor opposing the discharge of any

bankrupt, may file a specification in writing of the grounds of his opposition." And the twenty-fourth rule promulgated by the supreme court requires that such creditor "shall enter his appearance in opposition" to the discharge. Beyond all doubt, a compliance with this provision and this rule would require that the "specification in writing" should state the name of the creditor or creditors who make opposition to the discharge, else, should they fail, they could not be adjudged to pay costs. Here, however, the specification in writing gives the name of no creditor. All that it contains concerning the creditors is thus: "Hanna & Knefier, Clough & Wheat, attorneys for opposing creditors." This is not sufficient. The name of every opposing creditor should have been stated.

The motion for a discharge is granted.

NOTE. A mere failure on the part of the bankrupt to schedule property is not a ground for refusing his discharge. Though the act makes a concealment of the same a ground for such action, it must be averred and proved that it was willful. In re Eidom [Case No. 4,315]. But leave will be given to the bankrupt to amend his schedule; then he will be entitled to a discharge. In re Connell [Id. 3,110].

Swearing to schedules from which certain property is omitted is not perjury unless the schedules were willfully so sworn to. In re Keefer [Case No. 7,636]; In re Rathbone [Id. 11,580]; In re Wyatt [Id. 18,106].